NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RAFAEL ESTRADA-TRUJILLO, a.k.a. Rafael Estrada, Defendant - Appellant. | No. 15-10167 D.C. No. 4:14-cr-01887-JAS MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Rafael Estrada-Trujillo appeals from the district court's judgment and

challenges the 21-month sentence and three year term of supervised release

imposed following his guilty-plea conviction for reentry of a removed alien, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Estrada-Trujillo contends that the government breached the parties' plea agreement when it asked the district court to reject the agreement and argued for an upward variance during sentencing. Because Estrada-Trujillo failed to object on this ground below, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 143 (2009). There is no plain error because the government asked the court to reject the agreement only after Estrada-Trujillo stated that it was unenforceable. Moreover, even if the agreement were enforceable, it did not preclude the government from requesting a variance. Finally, Estrada-Trujillo received a sentence within the lowest range stipulated in the plea agreement for his criminal history category. *See id.* at 141-42 (defendant cannot show prejudice where he received the benefits of his agreement despite alleged breach).

Estrada-Trujillo also contends that the district court procedurally erred when it allegedly took judicial notice of the Mexican health care system during sentencing, and that his sentence is substantively unreasonable. We disagree. It was not improper for the court to state, in response to Estrada-Trujillo's explanation for why he returned to the United States, that it believed that Estrada-

Trujillo could get surgery in Mexico even if he could not afford it. In any event, the record reflects that the court considered all of Estrada-Trujillo's mitigating factors, including his medical condition, and properly imposed sentence on the basis of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Moreover, the within-Guidelines custodial sentence and three-year term of supervised release are substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, particularly the failure of prior lengthier sentences to deter him. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-10167